UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Velma H().,

          Plaintiff,

v.

Kilolo Kijakazi,
*Acting Commissioner of Social Security*,

          Defendant.

Case No. 22-cv-2992 (DJF)

**ORDER**

Plaintiff filed the Complaint in this matter on November 30, 2022 (ECF No. 1) and simultaneously applied to proceed without prepaying fees or costs (ECF No. 2). The Court granted Plaintiff's application to proceed without prepaying fess or costs on December 1, 2022. (ECF No. 5.) On December 1, 2022, the Court also noted a change to the Supplemental Rules for Social Security Actions under 42 U.S.C. 405(g) that established new, shorter briefing deadlines but advised that all Social Security Actions filed before December 1, 2022—such as Plaintiff's—remained subject to the previous deadlines established by this District's local rules. (ECF No. 6.) The Court noted "Unless granted an extension, the plaintiff must file his or her opening brief within 60 days of the filing of the answer and administrative record." (*Id*.)

On January 30, 2023 and March 31, 2023, the Court granted the Commissioner's requests for time extensions to file the administrative record and to answer Plaintiff's Complaint. (ECF Nos. 9, 11.) The Commissioner filed her answer and the administrative record on April 24, 2023. (ECF Nos. 12, 13.) Under the rules governing this action, Plaintiff's summary judgment motion and supporting memorandum were due within 60 days of the Commissioner's filings, or by June 23, 2023. *See* L.R. 7.2(c). On June 26, 2023, the Court ordered Plaintiff to file her motion for summary judgment and supporting documentation on or before July 5, 2023 and advised that failure to do so may result in dismissal of this action for failure to prosecute. (ECF No. 14.) Plaintiff did not file anything by the July 5, 2023 deadline. On July 6, 2023, the Court ordered Plaintiff to

show cause as to why she did not timely fail her summary judgment motion, failing which it would dismiss her Complaint for failure to prosecute. (ECF No. 15.) Plaintiff did not respond to the Court's order to show cause. Because Plaintiff has repeatedly ignored the Court's orders and has not filed a motion for summary judgment or supporting documentation, the Court can only conclude that Plaintiff has abandoned this matter. Accordingly, the Court now dismisses this action without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

### ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** this action IS **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 41(b) for failure to prosecute.


Dated: July 20, 2023               *s/ Dulce J. Foster*
                                   DULCE J. FOSTER
                                   United States Magistrate Judge